THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benjamin Heyward, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-000920

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-334
Submitted June 1, 2026 – Filed July 1, 2026

———————

**AFFIRMED**

———————

Benjamin Heyward, pro se.

Elloree A. Ganes and Evan M. Sobocinski, both of Hood
Law Firm, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:**  Benjamin Heyward appeals the trial court's grant of the South
Carolina Department of Corrections' (SCDC's) motion to dismiss for failure to
state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the
South Carolina Rules of Civil Procedure.  On appeal, Heyward argues the trial
court erred by (1) failing to train and supervise the court reporter to prevent her
from tampering with the transcript, (2) failing to sign the orders granting his

motion to amend the complaint and granting SCDC's motion to dismiss, (3) finding he failed to state a claim for which relief may be granted, (4) finding SCDC was immune from liability under the South Carolina Tort Claims Act (SCTCA),[1] and (5) finding the relevant portion of the South Carolina Workers' Compensation Act (SCWCA)[2] applied to the action.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Heyward's argument that the trial court failed to train and supervise the court reporter to prevent her from tampering with the transcript is not preserved for appellate review because while it was raised in Heyward's response to the motion to dismiss, it was not ruled upon by the trial court in its dismissal order.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  Moreover, Heyward abandoned this argument on appeal as his allegations are conclusory and lack citation to supporting legal authorities.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

2.  We hold Heyward's argument that the trial court failed to sign the orders is not preserved because it was raised for the first time on appeal.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  Nonetheless, we find the trial court did not err by electronically signing the orders.  *See* S.C. Code Ann. § 26-6-70(A) (2007) ("A record or signature must not be denied legal effect or enforceability solely because it is in electronic form."); S.C. Code Ann. § 26-6-70 (D) (2007) ("An electronic signature satisfies a law requiring a signature.").

3.  As to issues three through five, we hold the trial court did not err in granting SCDC's motion to dismiss because Heyward failed to state facts sufficient to constitute a cause of action under the SCTCA.  *See Beverly v. Grand Strand Reg'l Med. Ctr., LLC*, 429 S.C. 502, 507, 839 S.E.2d 468, 470 (Ct. App. 2020) (stating the appellate court reviews a Rule 12(b)(6) motion to dismiss using the same standard of review as the trial court), *aff'd*, 435 S.C. 594, 869 S.E.2d 812 (2022); *Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 148, 714 S.E.2d 537, 539 (2011) (stating the trial court "must base its ruling solely on the allegations set forth in the

---

[1] S.C. Code Ann. §§ 15-78-40 to -60 (2005 & Supp. 2025).
[2] S.C. Code Ann. § 42-1-480 (Supp. 2025).

complaint").  In his complaint, Heyward alleged SCDC employees' actions were wanton, willful, reckless, negligent, and grossly negligent because they (1) instructed him to use the jug to hold the hot water, it overturned, spilled water on his back, and caused his injury; and (2) failed to maintain a safe workplace, maintain a safe water temperature, provide safe equipment, and train workers on handling hot water safely.  Heyward admitted (1) his injury occurred while he was incarcerated and performing work within a correctional institution, and (2) his injury was the result of SCDC's supervision, control, or custody of him during incarceration.  Therefore, the SCWCA applies to Heyward's claims and precludes his SCTCA action against SCDC for his injuries.  *See* § 42-1-480 (noting the SCWCA applies to "[a]ny inmate" of SCDC who, "in the performance of his work in connection with the maintenance of the institution [or] any department vocational training program . . .  suffers an injury"); S.C. Code Ann. § 15-78-60(25) (2005) (providing that under the SCTCA a governmental entity is not liable for a loss resulting from "supervision, protection, control, confinement, or custody of any . . . prisoner [or] inmate"); S.C. Code Ann. § 15-78-60(14) (2005) (providing that under the SCTCA a governmental entity is not liable for "any claim covered by the [SCWCA]"); *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 224, 661 S.E.2d 395, 403 (Ct. App. 2008) (stating the SCWCA is "the exclusive means to determine claims against an individual's employer for work-related accidents and injuries" and it "precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury"); *Tatum v. Med. Univ. of S.C.*, 346 S.C. 194, 200, 552 S.E.2d 18, 21 (2001) ("[T]he General Assembly did not intend to allow a government employee to maintain a tort action against [his] employer when workers' compensation is applicable."), *abrogated on other grounds by Mendenall v. Anderson Hardwood Floors, LLC*, 401 S.C. 558, 738 S.E.2d 251 (2013); *id.* at 204, 552 S.E.2d at 23 (explaining "[o]ur [c]ourt[s] ha[ve] rejected the 'dual capacity' doctrine" in the context of the SCWCA and have determined it prohibits an employee suit under the SCTCA when a remedy under the SCWCA is available); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper.").

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.